JUSTICE COMPTON,
concurring in the result.
On May 17, 1994, the 12-year-old plaintiff was injured while riding in a vehicle operated by his mother that collided with another vehicle. In the collision, the plaintiff sustained a blow to his nose and one knee. As a result of the accident, he developed tenderness in his neck and back.
The plaintiff was entitled to medical payments coverage under a policy of automobile liability insurance issued by defendant Nationwide Mutual Insurance Company. The policy contract provided that defendant would pay all reasonable and necessary expenses for, among other things, medical and chiropractic expenses resulting from the accident.
A week after the accident, the plaintiff was treated by his “family doctor.” The next day, the plaintiff was examined by a chiropractor, who found the plaintiff had sustained muscular and soft-tissue injuries to his neck and back in the accident. The plaintiff was treated by *79 the chiropractor until he was released from treatment about 11 months following the accident. The chiropractor was of the opinion, within a reasonable degree of medical certainty, that his treatment and services rendered to the plaintiff were medically necessary as a result of the injuries plaintiff sustained in the accident.
When the plaintiff’s parents submitted a claim to defendant for reimbursement of medical expenses under the medical payments provision of the policy, defendant referred the claim to another chiropractor to review the plaintiff’s medical records and to render an opinion on the medical necessity of the plaintiff’s treatment as it related to the accident. Following this review, the chiropractor opined that based on the medical records he “couldn’t draw a direct causal relationship between the accident” and the diagnosis made by plaintiff’s chiropractor of “T-12 subluxation.” Preferring to err on the side of the plaintiff, even though he felt the medical records were unclear, the defendant’s chiropractor advised that the medical care rendered for only about one month after the accident “could be considered” as related to the accident.
The defendant’s refusal to pay the full amount of medical expenses claimed generated this lawsuit. In January 1998, plaintiff, through his mother as next Mend, filed this action seeking recovery of $1,960, alleging breach of contract and “breach of the defendant’s duty to deal with the plaintiff faMy and in good faith.”
In an October 1998 jury Mai, the breach of contract claim was litigated. At that time, defendant had paid $378.50 of the plaintiff’s claim.
The sole issue presented to the jury was whether defendant had breached its contract with plaintiff. More specifically, the jury had to determine whether the treatment and services rendered by the plaintiff’s chiropractor were medically necessary as a result of the injuries plaintiff sustained in the accident.
The jury found in favor of the plaintiff and fixed the contract damages at $1,581.50, the amount claimed reduced by the sum defendant had paid.
Following discharge of the jury, the plaintiff moved the trial court to “award double damages and reasonable attorney’s fees and cost,” relying on Code § 8.01-66.1(A). Without taking additional evidence and following oral argument, the court granted the motion, finding “that defendant’s denial of payment was not in good faith.” The defendant appeals that portion of the October 1998 judgment order which found defendant failed to act in good faith.
*80 When an insurer under these circumstances “denies, refuses or fails to pay its insured a claim of $2,500 or less,” Code § 8.01-66.1(A) authorizes the trial court, upon a finding “that such denial, refusal or failure to pay was not made in good faith,” to find the insurer liable for “double the amount otherwise due and payable” under the policy’s provisions, “together with reasonable attorney’s fees and expenses.”
In evaluating the performance of an insurer when there is a claim that it acted in bad faith in withholding payment to an insured, courts should apply a “reasonableness standard.” CUNA Mut. Ins. Co. v. Norman, 237 Va. 33, 38, 375 S.E.2d 724, 726-27 (1989).
In actions against insurers based upon breach of contract for failure to use good faith, we have held “that bad faith must be proved by clear and convincing evidence in cases of this kind.” State Farm Mut. Auto. Ins. Co. v. Floyd, 235 Va. 136, 144, 366 S.E.2d 93, 98 (1988). This is because the concept of “ ‘bad faith’ runs counter to the presumption that contracting parties have acted in good faith.” Id.
Contrary to the plaintiff’s contention, it makes no sense in this insurance contract action alleging bad faith to adopt a preponderance-of-the-evidence standard of proof. Bad faith means the same in any insurance contract context, no matter under what circumstances the lack of good faith is sought to be proved.
Applying the foregoing principles, I would hold, however, that the trial court did not err in finding bad faith in this case, given the record with which it was presented. The two chiropractors testified by video deposition. The deposition of the defendant’s chiropractor was taken about three weeks before trial. The deposition of plaintiff’s chiropractor was taken two weeks prior to trial. Thus, well in advance of trial, defendant was armed with the information that the plaintiff’s witness would give an unqualified opinion of medical necessity while its own witness would give an inconclusive opinion on the subject. In effect, prior to trial defendant’s representatives knew, or should have known, that it had no evidence to rebut the plaintiff’s evidence on the only issue in the case.
Additionally, when the plaintiff made his post-verdict motion, there was no request from the insurer to offer evidence on the charge of bad faith, an allegation that had been made when the action was filed. The court was not presented with any testimony on the subject of reasonableness from a claims supervisor or claims adjuster upon how the insurer finally evaluated the claim, given the medical testi *81 mony, or upon the insurer’s reasoning to support its decision to deny the claim and to force the plaintiff to trial.
Therefore, I would affirm the judgment of the trial court.